IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEON STREATOR and IDA STREATOR,<br><br>    Plaintiffs,<br><br>v.<br><br>SUNTRUST BANK, et al.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 2:09cv980-mef<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT GMAC, INC.'S ANSWER

Defendant GMAC, Inc. ("GMAC") hereby answers the Complaint as follows (unless otherwise stated, the numbered admissions and denials below correspond to the numbered allegations of the Complaint):

## PRELIMINARY STATEMENT

1.    GMAC admits that Plaintiffs purport to bring claims against it for violations of the Fair Credit Reporting Act ("FCRA"), the Alabama Deceptive Trade Practices Act ("ADPTA") and state common law causes of action. GMAC specifically denies all allegations of wrongdoing and denies that Plaintiffs are entitled to any actual, compensatory and/or punitive damages or any other relief whatsoever against GMAC and demands strict proof thereof.

## JURISDICTION AND VENUE

2. While denying that it violated any state or federal law and denying that Plaintiffs are entitled to any relief against GMAC, GMAC admits that federal subject matter jurisdiction exists in this case. Except to the extent expressly admitted, any remaining factual allegations of paragraph 2 are denied.

## PARTIES

3. GMAC is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4. GMAC is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5. GMAC is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6. GMAC is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7. GMAC admits the allegations contained in paragraph 7.

8. GMAC is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. GMAC is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

B PJC 868055 v1
2389818-000227 11/12/2009

Case 2:09-cv-00980-MEF -CSC   Document 18   Filed 11/12/09   Page 3 of 20

10.     GMAC is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11.     GMAC is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12.     GMAC is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

## FACTUAL ALLEGATIONS

**Defendants Suntrust, CitiBank, GMAC, GEMB, and BOA:**

13.     GMAC restates and realleges its answers to paragraphs 1 through 12 as if set forth herein.

14.     With regard to the allegations of paragraph 14, GMAC admits that Plaintiffs filed for bankruptcy protection, that their bankruptcy case number was 05-30623 and that Plaintiffs were discharged on April 1, 2008.

15.     GMAC is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16.

a)     GMAC is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 16(a).

b)     GMAC is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 16(b).

- 3 -

B PJC 868055 v1
2389818-000227 11/12/2009

c) GMAC is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 16(c).

d) GMAC is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 16(d).

e) GMAC is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 16(e).

17. GMAC admits that it received notice of the Defendants' discharge in their bankruptcy action.

18. GMAC denies the allegations against it in the first sentence of paragraph 18.  The remainder of paragraph 19 consists of the FTC's Official Staff Commentary with legal conclusions, presents no allegations against GMAC and therefore does not require a response from GMAC.

19. GMAC denies the allegations against it in paragraph 19.

20. Paragraph 20 consists of a quote from the Honorable Judge William R. Sawyer with apparent case law citations, presents no allegations against GMAC and therefore does not require a response from GMAC.

21. GMAC denies the allegations contained in paragraph 21.

22. GMAC denies the allegations against it in paragraph 22.

23. GMAC denies that FCRA is applicable in this case as to the allegations against it.  The remaining sub-parts of Paragraph 23 consists of the

statutory text of FCRA at 15 U.S.C. § 1681(a)(1)-(a)(2), presents no allegations against GMAC and therefore does not require a response from GMAC.

24. GMAC denies the allegations against it in paragraph 24.

25. GMAC denies the allegations against it in paragraph 25.

26. GMAC denies the allegations against it in paragraph 26.

27. GMAC denies the allegations against it in paragraph 27.

**Defendants Equifax, Experian and Trans Union:**

28. GMAC is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29. GMAC is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30. GMAC is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

## COUNT ONE
## DEFENDANTS EQUIFAX, EXPERIAN AND TRANS UNION VIOLATIONS OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C.§ 1681, *et seq.*

31. GMAC restates and realleges its answers to paragraphs 1 through 30 as if set forth herein.

32. GMAC is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

B PJC 868055 v1
2389818-000227 11/12/2009

a) GMAC is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 32(a).

b) GMAC is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 32(b).

d)[1] GMAC is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 32(d).

e) GMAC is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 32(e).

33. GMAC is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

34. GMAC is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 34.  GMAC denies any allegations of wrongdoing and denies that Plaintiffs are entitled to any relief against GMAC.

## COUNT TWO
## ALL DEFENDANTS
## VIOLATIONS OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT, ALABAMA CODE § 1975 8-19-3, *et seq.*

35. GMAC restates and realleges its answers to paragraphs 1 through 34 as if set forth herein.

---

[1] GMAC notes that there is no paragraph numbered 32(c) in the Complaint.

36. GMAC denies the allegations against it in paragraph 36.

37. GMAC denies the allegations against it in paragraph 37.

38. GMAC denies the allegations against it in paragraph 38.

39. GMAC denies the allegations against it in paragraph 39.

40. GMAC denies the allegations against it in paragraph 40.

## COUNT THREE
## DEFENDANTS SUNTRUST, CITIBANK, GMAC, GEMB AND BOA
## NEGLIGENT, RECKLESS AND WANTON CONDUCT

41. GMAC restates and realleges its answers to paragraphs 1 through 40 as if set forth herein.

42. GMAC denies the allegations against it in paragraph 42.

43. GMAC denies the allegations against it in paragraph 43; GMAC specifically denies all allegations of wrongdoing and denies that Plaintiffs are entitled to any of the requested relief or any other relief whatsoever.

## COUNT FOUR
## ALL DEFENDANTS
## INVASION OF PRIVACY

44. GMAC restates and realleges its answers to paragraphs 1 through 43 as if set forth herein.

45. GMAC denies the allegations against it in paragraph 45.

46. GMAC denies the allegations against it in paragraph 46.

47. GMAC denies the allegations against it in paragraph 47; GMAC specifically denies all allegations of wrongdoing and denies that Plaintiffs are entitled to any of the requested relief or any other relief whatsoever.

## COUNT FIVE
## ALL DEFENDANTS
## DEFAMATION

48. GMAC restates and realleges its answers to paragraphs 1 through 47 as if set forth herein.

49. GMAC denies the allegations against it in paragraph 49.

50. GMAC denies the allegations against it in paragraph 50.

51. GMAC denies the allegations against it in paragraph 51.

52. GMAC denies the allegations against it in paragraph 52; GMAC specifically denies all allegations of wrongdoing and denies that Plaintiffs are entitled to any of the requested relief or any other relief whatsoever.

## COUNT SIX
## DEFENDANTS SUNTRUST, CITIBANK, GMAC, GEMB AND BOA
## DECLARATORY AND INJUNCTIVE RELIEF

53. GMAC restates and realleges its answers to paragraphs 1 through 52 as if set forth herein.

54. GMAC denies that the allegations contained in paragraph 54.

55. GMAC denies that Plaintiffs are entitled to injunctive relief, a declaratory judgment or any determination against GMAC and demands strict proof thereof.

56. GMAC denies the allegations against it in paragraph 56; GMAC specifically denies all allegations of wrongdoing and denies that Plaintiffs are entitled to any of the requested relief or any other relief whatsoever.

57. GMAC denies that the allegations contained in paragraph 57.

## **PRAYER FOR RELIEF**

As to the unnumbered paragraph following the Prayer for Relief, GMAC restates and realleges its answers to paragraphs 1 through 57 as if set forth herein.

a) GMAC denies that Plaintiffs are entitled to any declaratory relief or any other relief whatsoever against GMAC.

b) GMAC denies that Plaintiffs are entitled to any actual damages or any other relief whatsoever against GMAC.

c) GMAC denies that Plaintiffs are entitled to any punitive damages or any other relief whatsoever against GMAC.

d) GMAC denies that Plaintiffs are entitled to any statutory damages or any other relief whatsoever against GMAC.

B PJC 868055 v1
2389818-000227 11/12/2009

e)     GMAC denies that Plaintiffs are entitled to any damages for mental and emotional distress, humiliation or embarrassment or any other relief whatsoever against GMAC.

f)     GMAC denies that Plaintiffs are entitled to any attorney's fees or costs of this litigation or any other relief whatsoever against GMAC.

g)     GMAC denies that Plaintiffs are entitled to any of the requested relief or any other relief whatsoever.

## AFFIRMATIVE DEFENSES

### First Defense

Except to the extent expressly admitted herein, the allegations of the Complaint are denied. GMAC reserves the right to respond to any and all allegations in the Complaint that have not yet been answered.

### Second Defense

Plaintiffs' damages, if any, were not proximately caused by any act or omission on the part of GMAC and were caused, if at all, by third parties not under GMAC's control.

### Third Defense

Plaintiffs' claims are barred by the applicable statute of limitations

### Fourth Defense

Plaintiffs fail to state a claim upon which relief can be granted.

- 10 -

## Fifth Defense

Plaintiffs' damages, if any, were proximately caused by superseding, independent, and/or intervening causes to which GMAC had no control or right of control, and which were unrelated to any conduct on the part of GMAC.

## Sixth Defense

Plaintiffs' claims are or may be barred by waiver, laches, and estoppel, including any applicable equitable, judicial, and/or administrative estoppel.

## Seventh Defense

Plaintiffs' claims are or may be barred, in whole or in part, by the statute of frauds and the parole evidence rule.

## Eighth Defense

Plaintiffs' claims are barred by qualified immunity and/or preempted under the Fair Credit Reporting Act, 15 U.S.C. § 1681h(e) and 15 U.S.C. § 1681t(b)(1)(F).

## Ninth Defense

Plaintiffs are not the beneficiaries of any duties owed by GMAC to any other person with respect to credit reporting.

## Tenth Defense

Some or all of the claims asserted are barred by Plaintiffs' lack of due diligence.

B PJC 868055 v1
2389818-000227 11/12/2009

### Eleventh Defense

Some or all of the claims asserted are barred by Plaintiffs' contributory negligence.

### Twelfth Defense

Plaintiffs' claimed injuries and damages were caused by the acts, omissions, and/or fault of others for whom GMAC owes no legal responsibility.

### Thirteenth Defense

GMAC denies that its conduct was in any way intentional, gross, oppressive, atrocious, unacceptable or malicious.

### Fourteenth Defense

GMAC pleads setoff for any insurance proceeds and/or pro tanto settlements covering any of the damages sought by Plaintiffs.

### Fifteenth Defense

The Complaint and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

### Sixteenth Defense

Plaintiffs have failed to mitigate their damages.

### Seventeenth Defense

GMAC denies that it is guilty of conduct referable to which punitive damages could or should be awarded and denies that Plaintiffs have produced clear

- 12 -

and convincing evidence sufficient to support or sustain the imposition of punitive damages against it.

## Eighteenth Defense

GMAC avers that Ala. Code § 8-8-10 (1975) is unconstitutional, as it applies to the imposition of post-judgment interest to a punitive damages award.

## Nineteenth Defense

Subjecting GMAC to, or affirming an award of punitive damages against GMAC, in this case, would amount to and constitute a denial of due process, as afforded by the Due Process Clause of the Fourteenth Amendment to the United States Constitution and by the Due Process Clause of Article 1, § 13 of the Alabama Constitution, as a deprivation of property without due process, or standards or criteria of due process, based upon the following grounds and circumstances, separately and severally assigned:

(a) any award of punitive damages against GMAC under the evidence in this case would necessarily be based upon an evidentiary standard no higher or more than a standard of simple negligence, and not upon a standard of proof beyond a reasonable doubt; (b) there is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damages award, and such an award is subject to no predetermined limits; (c) applicable jury instructions as to the award of punitive damages do not provide sufficient guidance or standards for

the award or amount of punitive damages; (d) any punitive damage award would not be subject to post-trial and appellate review on the basis of suitable and sufficient objective standards and criteria; (e) the power and authority imposed upon the jury under Alabama law as to the amount of a punitive damages award is so relatively unfettered that there is lacking any reasonable or logical standard, uniform criteria, or guidance in the assessment of the amount of the award of punitive damages; (f) under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and GMAC's alleged wrongful or culpable conduct; (g) under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and the interests or goals of the State of Alabama referable to the imposition or allowance of punitive damages; (h) under Alabama law and procedure, there is no objective or rational criteria for the amount of the award of punitive damages, as relates or compares to the assessment of compensatory damages, or amount of compensatory damages; (i) an award of punitive damages may be assessed against GMAC for unauthorized acts of its agent or agents without any additional requirement of knowledge or fault on the part of GMAC; (j) an award of punitive damages may be assessed against GMAC vicariously, as principals without any further proof of independent wrongful conduct or ratification; (k) Alabama

procedures, pursuant to which amounts of punitive damages are awarded, permit the imposition of different penalties for the same or similar acts; (l) the procedures pursuant to which punitive damages are awarded fail to provide a means for awarding separate judgments against alleged joint tortfeasors; (m) the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against GMAC; (n) the procedures, pursuant to which punitive damages are awarded, are unconstitutionally vague; and (o) an award of punitive damages would constitute an arbitrary and capricious taking of property of GMAC without due process of law.

### Twentieth Defense

Imposition of punitive damages in this case against GMAC would contravene the Commerce Clause of the United States Constitution, in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

### Twenty-First Defense

Plaintiffs are not entitled to recover punitive damages as to state law claims pursuant to Ala. Code §§ 6-11-20 to 6-11-30 (1975), and thereby any claim for such damages is barred.

### Twenty-Second Defense

To award punitive damages against GMAC in this case would violate the excessive fines provision of the Eighth Amendment to the United States Constitution and Art. I, § 15 of the Alabama Constitution.

### Twenty-Third Defense

Based upon Alabama procedures relative to punitive damages, which provide no objective, logical, or reasonable standards or criteria that would govern the award, and the amount of the award, of punitive damages, GMAC is denied equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article 1, §§ 1, 6, and 22 of the Alabama Constitution, separately and severally.

### Twenty-Fourth Defense

In the event, and to the extent that, the award of punitive damages, or the amount of the award of punitive damages, under Alabama practice and procedure, is deemed to be covered by Ala. Code § 6-11-20 (1975), then, and, to that extent, said section violates the Alabama Constitution and the United States Constitution, separately and severally, based upon the grounds enumerated and set forth in the forgoing paragraphs.

## Twenty-Fifth Defense

Any award of punitive damages under state law is subject to those limitations established by the Alabama Legislature and set forth in Ala. Code § 6-11-21 (1975).

## Twenty-Sixth Defense

The imposition of punitive damages against GMAC for the conduct alleged in the Complaint is prohibited by *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996) and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

## Twenty-Seventh Defense

GMAC adopts by reference any and all defenses, criteria, limitations, and standards mandated by the Supreme Court of the United States, in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996) and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

## Twenty-Eighth Defense

Plaintiffs' claims are barred by and subject to the GMAC Dispute Resolution Agreement signed by Plaintiffs and GMAC hereby reserves the right to file a motion to compel arbitration.

## Twenty-Ninth Defense

Plaintiffs are not entitled to a declaratory judgment as there is no genuine, justiciable case or controversy in view of Plaintiffs' failure to arbitrate this dispute pursuant to the GMAC Dispute Resolution Agreement.

## Thirtieth Defense

GMAC had a license or privilege to engage in the conduct complained of in Plaintiffs' Complaint.

## Thirty-First Defense

Plaintiffs have failed to state with specificity their special damages.

## Thirty-Second Defense

GMAC has at all times relevant hereto complied with all applicable laws, regulations and standards, and the claims asserted by Plaintiffs are, therefore, preempted under state and federal law, or either of them.

## Thirty-Third Defense

Plaintiffs failed to ask for a retraction of the alleged defamatory statements.

## Thirty-Fourth Defense

GMAC did not knowingly commit any act or knowingly engage in any activity which constitutes a violation of any provision of the Alabama Deceptive Trade Practices Act.

## Thirty-Fifth Defense

Defendant GMAC's answer and affirmative defenses are based on currently available information, and GMAC reserves the right to revise, supplement, or amend its answer and affirmative defenses during this litigation.

                                          s/Floyd D. Gaines
                                          Floyd D. Gaines
                                          Andrew P. Walsh
                                          Attorneys for Defendant GMAC INC.

OF COUNSEL:

Baker, Donelson, Bearman, Caldwell & Berkowitz
1600 Wachovia Tower
420 20th Street North
Birmingham, AL 35203
Telephone: (205) 328-0480
Facsimile: (205) 322-8007
fgaines@bakerdonelson.com
awalsh@bakerdonelson.com

B PJC 868055 v1
2389818-000227 11/12/2009

## **CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the foregoing document has been served electronically on all counsel of record and/or by placing a copy of the same in the U.S. Mail, postage prepaid and properly addressed on this the 12th day of November 2009, as follows:

>Anthony B. Bush
>Lewis Bush & Faulk, LLC
>400 South Union Street
>Suite 230
>Montgomery, AL 36104

                                      s/Floyd D. Gaines
                                      OF COUNSEL

B PJC 868055 v1
2389818-000227 11/12/2009